UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-622** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "A" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss. [Doc. #11]. Plaintiff has filed no opposition to the motion in accordance with the local rules of this Court. For the following reasons, IT IS RECOMMENDED that the Commissioner's motion to dismiss be GRANTED.

**I.  Background**

Plaintiff filed an application for disability insurance benefits, which was denied at the initial and reconsideration level. An Administrative Law Judge ("ALJ") then denied plaintiff's application on April 3, 2017. [Doc. #11-2 at pp. 8-24]. On November 13, 2017, the Appeals Council denied plaintiff's request for review, which rendered the ALJ's decision the "final decision" of the Commissioner, giving rise to a 60-day deadline in which to seek judicial review. [*Id.* at pp. 5-7]. Plaintiff filed the lawsuit action on January 19, 2018, 67 days after the Appeals Council's decision.

**II.  Law and Analysis**

    **A.  The 60-Day Deadline**

It is well-settled law that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941)); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Smith v. Booth*, 823 F.2d 94,

96 (5th Cir.1987). Congress may prescribe the procedures and conditions under which judicial review of administrative orders may be obtained. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Title XVI of the Social Security Act is provided for, and limited by, Sections 205(g) and (h) of said Act, 42 U.S.C. §§ 405(g), (h). The remedy provided by section 205(g) is exclusive. The relevant provisions of Sections 205(g) and (h) read as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision *by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . .*
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided*. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

48 U.S.C. §§205(g), (h) (emphasis added). Accordingly, the only civil action permitted on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the "final decision of the Commissioner made after a hearing" and such action must be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." *Id.*

The Commissioner, by regulations published December 9, 1976, in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of a request for review or of the Appeals Council's decision. *See* 20 C.F.R. § 404.981. There is a presumption that the claimant receives the notice five days after the date on the notice, unless the claimant makes a reasonable showing to

the contrary to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c). Here, and because plaintiff has filed no opposition to defendant's motion, she has not made any showing to the Appeals Council that this presumption should not apply in this case. Moreover, plaintiff never requested an extension of time in which to file her complaint.

The 60-day statute of limitations period provided by Congress in section 205(g) of the Social Security Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Fifth Circuit, as well as other circuits, have repeatedly upheld the sixty-day time limitation. *See Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curiam). Here, plaintiff filed her complaint 67 days after the Appeals Council's November 13, 2017 denial. Even accounting for the five-day presumption, which essentially gives a claimant 65 days in which to challenge the Commissioner's final decision denying benefits, plaintiff failed to timely file her complaint. Thus, plaintiff's complaint is simply untimely.

### B.     Equitable Tolling

In *Califano v. Sanders*, 430 U.S. 99, 108 (1977), the Supreme Court stated that "the congressional purpose, plainly evidenced in section 205(g), [was to] impose a 60 day limitation upon judicial review of the Commissioner's final decision. . . ." Conditions on the waiver of sovereign immunity must be strictly construed. *Bowen v. City of New York*, 476 U.S. at 479; *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

In *City of New York*, the Supreme Court ruled that the 60-day period is a period of limitation that, in a rare case, can be tolled by the Commissioner or the courts. However, the Supreme Court

further explained that, in most cases, the Commissioner should make the determination whether to extend the sixty-day period and that, only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period. 476 U.S. at 480 (quoting *Mathews*, 424 U.S. at 330); *see also Barrs*, 906 F.2d at 121.

Defendant attaches the Declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration, to its motion. [Doc. #11-2 at pp. 1-4]. Pelle testifies that plaintiff did not file for judicial review within 60 days, as required by section 205(g) of the Act, and no extraordinary circumstances are present here that would justify extending the 60-day period. As this Court has noted, plaintiff filed no opposition to this motion, an opposition in which she could have easily argued equitable tolling, should circumstances have so warranted.

### III.   Conclusion

Accordingly, for the reasons outlined above,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss [Doc. #11] be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of November, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**